**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **DANNY RAY MATHEWS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **A-25-CV-00634-DAE** |
| **LAMPASAS COUNTY JAIL, JESUS** | § | |
| **"JESS" RAMOS, and SHERIFF DAVID** | § | |
| **PARKER,** | § | |
| **Defendants.** | § | |

## ORDER

Before the Court are Plaintiff Danny Ray Mathews' amended complaint filed pursuant to 42 U.S.C. § 1983 and Defendants' Motions to Dismiss. (ECF Nos. 20, 26, 30.) Plaintiff is proceeding pro se and in forma pauperis. Upon review of the parties' pleadings, the Court grants Defendants' motions to dismiss and dismisses Plaintiff's complaint.

## I. BACKGROUND

Plaintiff is currently incarcerated in the Wallace Pack Unit of the Texas Department of Criminal Justice—Correctional Institutions Division (TDCJ-CID). The incidents in the complaint, however, arise from his time at the Lampasas County Jail. He names the following Defendants: Lampasas County Jail, former Lampasas County Sheriff Jesus "Jess" Ramos, and current Lampasas County Sheriff David Parker.

Plaintiff alleges that, on December 10, 2024, while Ramos was sheriff, a nurse at the Lampasas County Jail refused to provide him with a certain prescription medication, i.e., Tegretol, which Plaintiff needed to treat severe anxiety and neuropathy. He alleges Lampasas County Jail does not have a mental health department; rather, they utilize the Central Counties' MHMR system out of Temple, via video conference with a counselor, not a doctor. Plaintiff states it is Lampasas County Jail policy, made by the sheriff, not to allow certain psychiatric medications even if

1

prescribed by a psychologist. Plaintiff alleges he was originally prescribed Tegretol by a doctor at the Bell County Jail's mental health department and took the prescription with him to Coryell County Jail, where the prescription was filled. Plaintiff alleges Lampasas County Jail does not have a medical staff, only a physician's assistant or nurse who texts an off-site provider when a medical issue arises.

On or about March 2, 2025, Plaintiff alleges he requested his tooth pulled because it was causing him severe pain. Plaintiff states medical told him the provider said the tooth would fall out on its own, but it did not. Plaintiff states his tooth was pulled on May 10, 2025. He alleges the six-week wait for dental treatment caused him to suffer pain and anxiety.

Plaintiff alleges he informed jail staff about his diagnosis with Chronic Obstructive Pulmonary Disease (COPD). He states that, despite this knowledge, a jail staffer dispersed pepper spray on another inmate in Plaintiff's proximity, causing him to asphyxiate and dropping his blood oxygen level to 62 percent. Plaintiff alleges this was purposeful negligence by the jail staffer and that the Sheriff allows jail staff to spray inmates until the entire bottle of pepper spray is dispensed, regardless of other inmate's medical problems. Plaintiff alleges he was on his hands and knees begging for help because he was unable to breathe. He states the medical department was unable to administer oxygen so they gave him an albuterol treatment with a nebulizer. The jail nurse also did not contact a medical doctor about the appropriate treatment for asphyxiation.

Plaintiff seeks injunctive relief requiring Lampasas County Sheriff's Department to obtain the necessary medical and psychological doctors to treat inmates in their care. He further requests monetary and/or punitive damages in the amount of $50,000 to cover his pain and suffering. (ECF No. 20.) Defendants move to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6), arguing it fails to state a claim upon which relief can be granted. (ECF Nos. 26, 30.) To date, Plaintiff has not responded to either motion to dismiss.

## II. LEGAL STANDARDS

<u>1. Federal Rule of Civil Procedure 12(b)(6)</u>

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. The Court accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff. *See Raj v. La. State Univ.*, 714 F.3d 322, 329-30 (5th Cir. 2013). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Further, a plaintiff's factual allegations must establish more than just the "sheer possibility" a defendant has acted unlawfully. *Id.*; *Twombly*, 550 U.S. at 555 (factual allegations must be enough to raise a right to relief above the speculative level). Determining a complaint's plausibility is a "context-specific task," but if the factual allegations do not point to more than "the mere possibility of misconduct" the complaint has failed to state a claim upon which relief can be granted. *Iqbal*, 566 U.S. at 679.

The Court construes a pro se plaintiff's allegations liberally, holding the plaintiff to "less stringent pleading standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, a plaintiff's pro se status is not an "impenetrable shield, for one acting pro se has no license to harass others,

clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

2. Section 1983

Section 1983 provides a cause of action to individuals whose federal rights have been violated by those acting under color of state law. *Doe v. Dall. Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). Section 1983 is not itself a source of substantive rights; rather, it merely provides a method for vindicating federal rights conferred elsewhere. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994). In order to state a claim under § 1983, a plaintiff must (1) allege a violation of rights guaranteed by the United States Constitution or federal law, and (2) demonstrate the alleged deprivation was committed by a person acting under color of state law. *Doe*, 153 F.3d at 215.

### III. DISCUSSION

1. Lampasas County Jail

The Lampasas County Jail is not a legal entity capable of being sued. *See Guidry v. Jefferson Cnty. Det. Ctr.*, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit); *see, e.g., Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action). Accordingly, Plaintiff's claims against the Lampasas County Jail are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (a court shall dismiss, at any time, a case filed *in forma pauperis* if it determines the action fails to state a claim on which relief may be granted).

2. Defendant Former Sheriff Jesus "Jess" Ramos

Plaintiff claims Defendant Ramos violated Plaintiff's constitutional rights by enforcing a policy that does not permit inmates to be prescribed certain psychiatric drugs. Plaintiff also alleges

4

there is no mental health department at the Lampasas County Jail; rather, staff use Central Counties' MHMR system to provide mental health treatment for inmates. Plaintiff claims this is unconstitutional.

Plaintiff specifically names Defendant Ramos is in individual capacity. "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). Personal involvement requires "an affirmative link between the incident and some act by the defendant." *Rizzo v. Goode*, 423 U.S. 362, 363 (1976); *see also Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983) (stating a defendant "must be either personally involved in the acts causing the deprivation of a person's constitutional rights, or there must be a causal connection between an act of the [defendant] and the constitutional violation sought to be redressed."). Because Plaintiff alleges it was Defendant Ramos's implementation of a policy that violated his constitutional rights, Plaintiff must show that the policy was unconstitutional. *Thompkins v. Belt*, 828 F.2d 298 (5th Cir.1987) (a supervisor may be held liable if the supervisor implements a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force behind a constitutional deprivation.)

Here, Plaintiff alleges that Lampasas County Jail's prohibition of prescribing certain psychiatric medications, along with its failure to have an on-site mental health provider, violates his constitutional rights. It is not clear from Plaintiff's pleadings whether he was a pretrial detainee or a convicted prisoner during his time at Lampasas County Jail. The Eighth Amendment ensures the safety of convicted prisoners while due process under the Fourteenth Amendment protects pretrial detainees. *See Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc). "Fourteenth Amendment case law concerning pretrial detainees [is based] on the Supreme Court's Eighth Amendment precedent concerning prisoners." *Garza v. City of Donna*, 922 F.3d 626, 634

(5th Cir. 2019) (citing Hare, 74 F.3d at 634-44). A pretrial detainee's Fourteenth Amendment rights include the right to medical care. *See Sanchez v. Young Cnty., Tex.*, 866 F.3d 274, 279 (5th Cir. 2017).

To state a claim for deliberate indifference regarding his medical care, Plaintiff must show "that a prison official 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006) (quoting *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001)). Allegations of unsuccessful medical treatment, mere negligence, neglect, or medical malpractice do not give rise to a § 1983 action. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (per curiam).

Plaintiff does not allege he was not prescribed any psychiatric medication; rather, he states he was not prescribed Tegretol, the medicine provided to him by doctors in Bell and Coryell Counties. Further, he alleges he saw a treatment provider through the Central Counties' MHMR team via videoconference, though he states he spoke with a counselor, not a doctor. Importantly, he does not allege that the implementation of the alleged policy against certain medications resulted in his complaints being ignored, that he was intentionally treated incorrectly, or any facts evincing a wanton disregard for his serious medical needs. Plaintiff appears to believe he was entitled to a specific medication and a specific type of health care provider; however, disagreement with one's medical treatment does not state a claim for deliberate indifference under the Eighth Amendment. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Accordingly, Plaintiff cannot show that Defendant Ramos was personally involved in implementing a unconstitutional policy and this claim fails to state a claim for relief.

3. Sheriff David Parker

Plaintiff next argues that, while Defendant Parker was Lampasas County Sheriff, Plaintiff had to wait six weeks for a tooth to be pulled, causing him serious pain and suffering, and that he was asphyxiated when jail staff dispersed pepper spray on another inmate in Plaintiff's vicinity. Plaintiff names Defendant Parker in his individual and official capacities.

Again, none of Plaintiff's allegations state a claim of deliberate indifference against Defendant Parker. As to the tooth, Plaintiff alleges he asked to have his tooth pulled on or about March 2, 2025, and that it was causing him severe pain, even while lying down. He was originally told that a provider said the tooth would fall out on its own. The tooth was eventually pulled around May 10, 2025, approximately two months after he made the initial request.

"[A] delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Pain suffered during a delay in dental treatment may constitute substantial harm. *Eugene v. Deville*, 791 F. App'x 484, 483 (5th Cir. 2020) (citing *Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006). However, Plaintiff does not allege that Defendant Parker personally delayed his dental treatment, nor does he allege that Defendant Parker was implementing a policy that resulted in his delayed treatment. As a result, this claim fails as a matter of law.

Plaintiff also alleges a Lampasas County Jail staffer dispensed an entire bottle of pepper spray near Plaintiff, causing Plaintiff to asphyxiate. Plaintiff alleges Defendant Parker allows jail staff to spray the entire pepper spray bottle regardless of the medical problems of individuals nearby. He further states the jail officer knew of Plaintiff's COPD and that, rather than being treated with oxygen afterward, he was treated with a nebulizer containing albuterol. Plaintiff states a medical doctor was never consulted about his condition.

Again, what Plaintiff describes is not deliberate indifference to his serious medical needs—although he suffered respiratory distress as a result of the jail officer pepper spraying another inmate, he was subsequently treated. The jail officer's actions are, at most, medically negligent, but that does not rise to the level of deliberate indifference. Further, even assuming Defendant Parker does allow jail officers to dispense their pepper spray cans regardless of the medical conditions of others nearby, Plaintiff's allegations do not show this policy is a repudiation of constitutional rights. Plaintiff's right to medical care was not infringed upon. As a result, this claim fails as a matter of law.

4. Municipal Liability

To the extent Plaintiff names Defendant Parker in his official capacity, and thus seeks relief from Williamson County, the Court concludes he fails to state a claim for municipal liability. A municipality cannot be held responsible for the unconstitutional actions of its employees based on a respondeat superior theory of recovery; rather, a municipality is responsible only for its own illegal actions. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 694 (1978). To establish a municipality's liability under § 1983, a plaintiff must assert a cognizable violation of a constitutional right by a person executing the municipality's policy. *Windham v. Harris Cnty.*, 875 F.3d 229, 243 (5th Cir. 2017). Further, the alleged constitutional violation must be connected to an official custom, policy, practice, ordinance or regulation of the municipality. *Monell*, 436 U.S. at 690-94. Thus, to state a claim for municipal liability, a plaintiff must show: (1) a policy or custom existed; (2) the governmental policy makers actually or constructively knew of its existence; (3) a constitutional violation occurred by a person acting under the color of state law; and (4) the custom or policy served as the moving force behind the violation. *Meadowbriar Home for Child., Inc. v. G.B. Gunn*, 81 F.3d 521, 532-33 (5th Cir. 1996).

Plaintiff fails to state a claim for municipal liability because he fails to show that any constitutional violation occurred. Accordingly, this claim also fails as a matter of law.

It is therefore **ORDERED** that Plaintiff's claims against Defendant Lampasas County Jail are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

It is finally **ORDERED** that Defendant Parker and Ramos's Motions to Dismiss (ECF Nos. 26, 30) are **GRANTED**. Plaintiff's claims against these Defendants are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

SIGNED the 31st day of March 2026.

_____
DAVID A. EZRA
SENIOR UNITED STATES DISTRICT JUDGE